IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


RANDY WAYNE GRACE                                                    PLAINTIFF


        v.                              CIVIL NO. 11-2201


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Randy Wayne Grace, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

        Plaintiff protectively filed his current applications for DIB and SSI on June 11, 2009, alleging an inability to work since October 23, 2000, due to mitral and aortic stenosis and a hernia. (Tr. 128, 130, 174). For DIB purposes, Plaintiff maintained insured status through September 30, 2007. (Tr. 13, 138). An administrative hearing was held on June 29, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 39-73).

By written decision dated November 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: a left indirect-type inguinal hernia; a history of surgery for aortic and mitral valve stenosis; dysthymia; a verbal learning disorder; and a schizoid personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to climb, balance, stoop, kneel, crouch and crawl on only an occasional basis and must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation and working around hazards, such as moving machinery and unprotected heights. Because of his mental impairments, he is limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little judgment, and the supervision required is simple, direct and concrete.

(Tr. 17-18). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a truck unloader as performed by Plaintiff. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 26, 2011. (Tr. 1-4, 232-234). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 5,6).

AO72A
(Rev. 8/82)

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3),

-3-

1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues 1) that the Commissioner's decision should be reversed and remanded for an order granting benefits because Plaintiff is disabled pursuant to section 12.05(c) of the Listing of Impairments; 2) that the Commissioner's decision should be reversed because Plaintiff is disabled at step 5 per Dr. Walz's opinion, as expressed in the mental consultative examination; and 3) the Commissioner's decision should be reversed and remanded for further proceedings because it is not supported by substantial evidence.

**A.   Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability.  42

-4-

U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on September 30, 2007. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of October 23, 2000, his alleged onset date of disability, through September 30, 2007, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.      Listing Impairment 12.05C:**

Under Listing 12.05C, a claimant suffers from the required severity of mental retardation if he shows a valid  verbal, performance, or full scale IQ of 60 through 70, with an onset prior to age 22, and a physical or other mental  impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; McNamara v. Astrue, 590 F.3d 607, 611 (8th Cir. 2010).  When trying to establish that the Listing 12.05C requirements have been met, the claimant must also meet the requirements in the introductory paragraph of Listing 12.05.  Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006). Those requirements clearly include demonstrating that the claimant suffered "deficits in adaptive

-5-

functioning" and that those deficits "initially manifest during the developmental period [before age 22]." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; Cheatum v. Astrue, 388 Fed. Appx. 574, 576 (8th Cir. 2010)(citations omitted).

In the present case, the ALJ found that Plaintiff did not meet the requirements of the introductory paragraph of Listing 12.05C in that there was no evidence that Plaintiff experienced deficits in adaptive functioning. (Tr. 17). A review of the record revealed that Plaintiff had a driver's license, but did not drive due to a suspended license; that Plaintiff could perform activities of daily living independently; that Plaintiff reported he could shop independently; that Plaintiff played video games, cards, and talked to friends daily; that Plaintiff's attention and concentration were adequate; that Plaintiff sustained persistence well; and that Plaintiff's speed of information processing was sometimes slow. (Tr. 60, 191-198, 255, 259).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 12.05C.

### C.   RFC Determination and medical opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of

-6-

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; the assessments completed by consultative mental and physical medical consultants, including Dr. Patricia J. Walz's Global Assessment of Functioning Score of 40/45; and Plaintiff's subjective complaints.

The record revealed that Plaintiff underwent a consultative mental diagnostic and intellectual evaluation performed by Dr. Patricia J. Walz on December 22, 2009. (Tr. 255-259). Dr. Walz noted that Plaintiff indicated that he had applied for disability because of his heart. Plaintiff indicated that he also had mental health issues "all the time," but reported that this did not really affect his functioning. At the time of the evaluation, Plaintiff reported that he had not felt depressed lately, and that he had not had treatment from a mental health professional. Dr. Walz noted that Plaintiff did not need assistance with his activities of daily living. Plaintiff also reported that he performed chores, for example sweeping, mopping and doing laundry, based on how he felt. Dr. Walz noted that Plaintiff was able to shop independently, and to "hang out" with his friends. Dr. Walz noted that Plaintiff's social skills were impaired, and his speech was sometimes difficult to understand because Plaintiff spoke so rapidly. Dr. Walz also noted

AO72A
(Rev. 8/82)

Plaintiff had minimal eye contact.  Dr. Walz noted that Plaintiff's intellectual functioning was in the extremely low range in the verbal realm, and in the average range in the performance realm.  Plaintiff's attention and concentration were noted to be adequate on the day of testing, and Plaintiff persisted well.  Dr. Walz noted that Plaintiff's speed of processing was sometimes slow.   Dr. Walz diagnosed Plaintiff as follows: Axis I: rule out dysthymia; Axis II: rule out Schizoid Personality Disorder, and a Verbal Learning Disorder; and Axis V: GAF of 40/45.

On January 8, 2010, Dr.  Brad F. Williams, a non-examining medical consultant, completed a mental RFC assessment stating Plaintiff had moderate limitations in the following areas: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to make work-related decisions; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to set realistic goals or make plans independently of others. (Tr. 262-265).  Dr. Williams noted the following:

> This is a 26 y/o male who alleges mitral and aortic stenosis and a hernia.  Other info in file indicated a possible learning D/O, thus MSCE w/WAIS was obtained. IQ's were 36/91/77, and dx were R/O Dsythymia and Schizoaffective PD, as well as Verbal LD.  His social skills were impaired and he seemed anxious and uncomfortable, w/minimal eye contact.  Mood was sad and affect was flat.  MS was otherwise fairly good.  There was no evidence of marked limitations, and he should be able to perform basic work like tasks.  Thus, he should be able to perform UNSKILLED WORK ACTIVITY.

> The claimant is able to perform work where interpersonal contact is incidental to the work performed, e.g., assembly work; the complexity of tasks is learned and performed by rote, with few variables and little judgment; the supervision required is simple. Direct and concrete.

-8-

(Tr. 264). On the same date, Dr. Williams completed a psychiatric review technique form indicating Plaintiff had moderate restrictions of his activities of daily living; moderate difficulties in maintaining social functioning; had moderate deficiencies of concentration persistence or pace; and had no episodes of decompensation. (Tr. 266-279).

When addressing Plaintiff's mental capabilities, the ALJ noted Dr. Walz's opinion that Plaintiff's GAF score was a 40/45, which the Court notes may be associated with a serious impairment in occupational functioning. See Cox v. Astrue, 495 F.3d 614, 620 n. 5 (8th Cir.2007) (noting, "[f]or added context, ... a GAF score in the forties may be associated with a serious impairment in occupational functioning."). However, in determining Plaintiff's RFC, the ALJ pointed out that Dr. Walz also opined that Plaintiff's attention and concentration were adequate; that Plaintiff persisted well; and that Plaintiff's speed of processing was sometimes slow. The ALJ also noted that Dr. Williams opined that Plaintiff could perform unskilled work. In determining Plaintiff's RFC, the ALJ also pointed out that Plaintiff had not sought treatment from a mental health professional; and that Plaintiff indicated in a Function Report that he could take care of his personal needs, prepare simple meals, do some household chores, shop in a store for food, watch television, and talk, play cards and play video games with others four to five times a day. (Tr. 191-198).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

-9-

**D.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The Court would point out that the record failed to show that Plaintiff sought on-going and consistent medical care for any of his alleged disabling impairments, or that he was prescribed any pain medication for his alleged disabling pain. See Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (ALJ may consider claimant's failure to take prescription medication and seek ongoing treatment to be inconsistent with complaints); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment is inconsistent with allegations of pain). The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff

-10-

sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### E.    Past Relevant Work:

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment which precludes the performance of past work.  Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991).  Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work.  Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

1.  The actual functional demands and job duties of a particular past relevant job; *or*

2.  The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical questions, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work as performed by Plaintiff.  See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is

-11-

relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted).  Accordingly, the ALJ properly concluded Plaintiff could perform his past relevant work as a truck unloader as he performed this work.

The Court would note that while the Court finds substantial evidence to support the ALJ's determination that Plaintiff could perform his past relevant work, the vocational expert also testified that with the above RFC, Plaintiff could also perform other work as a bench assembler, a laundry worker and a poultry eviscerator.  (Tr. 66).

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 10th day of October, 2012.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-12-